UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JENNINGS,<br><br>    Petitioner,<br><br>v.<br><br>W. MUNIZ, Warden,<br><br>    Respondents. | Case No.: 14-cv-2658-AJB-MDD<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE RE: MOTION FOR STAY**<br><br>**[ECF No. 6]** |

  This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.

1

1    For the reasons set forth herein, the Court **RECOMMENDS**

2    that Petitioner's motion for a stay be **DENIED** and that grounds three

3    and four of Petitioner's Petition be **DISMISSED.**

4    **I. PROCEDURAL HISTORY**

5    **A. Federal Proceedings**

6    Thomas Jennings ("Petitioner") is a state prisoner proceeding *pro*

7    *se.* (ECF No. 3 at 1). On October 27, 2014, Petitioner constructively

8    filed a Petition for Writ of Habeas Corpus in this District.[1] (ECF Nos.

9    1, 2).

10   Petitioner asserts four grounds for relief: (1) ineffective

11   assistance of trial counsel for failing to argue that three of Petitioner's

12   strikes should be stricken because they arose out of a single period of

13   aberrant conduct and for failing to produce the reporter's transcript

14   from the 2002 sentencing proceeding; (2) that Petitioner's Sixth and

15   ────────────────

16   [1] Although R. Grounds was the warden at the time Petitioner filed this
     Petition, Petitioner has notified the Court that William L. Muniz is now

17   warden. The California Department of Corrections and Rehabilitation's
     website confirms William L. Muniz is the Warden of Salinas Valley

18   State Prison. Accordingly, in order to conform with the requirements of
     Rule 2(a) of the Rules Governing § 2254 Cases, the Court hereby *sua*
     *sponte* **ORDERS** the substitution of W. Muniz as Respondent in place

19   of R. Grounds. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir.
     1996).

14-cv-2658-AJB-MDD

Fourteenth Amendment rights were violated by CALCRIM No. 376's admission of a burglary conviction where Petitioner's possession of stolen property is combined with "slight" corroborating evidence; (3) that Petitioner's appellate counsel failed to defend Petitioner's right of protection against cruel and unusual punishment of a one-hundred-plus-five-year sentence for burglary, grand theft, and unlawful taking of a vehicle; and, (4) that the trial court failed to adequately inform Petitioner that his "plea would result in four separate strikeable enhancements in the future." (ECF No. 1 at 6-23). Petitioner concedes that grounds three and four were not raised in the California Supreme Court, but requests a stay because they are currently pending in the California Superior Court. (ECF No. 1 at 7-8).

On November 14, 2014, this Court filed an Order Setting Briefing Schedule on Request for Stay. (ECF No. 4). This Court found that Petitioner did not allege exhaustion as to claims three and four. *Id*. at 2. Petitioner was notified that he must meet the stay and abeyance requirements and was advised of the one-year statute of limitations that applies to federal habeas corpus actions, which is tolled while a properly filed state habeas petition is pending. *Id*. at 2-3.

3

14-cv-2658-AJB-MDD

On January 5, 2015, Petitioner filed a Brief in Support of Motion for Stay on grounds three and four of his Petition.  (ECF No. 6).  On February 4, 2015, Respondent filed a Response to Petitioner's Motion for Stay.  (ECF No. 7).

**B. State Proceedings**

In 2002, Petitioner was previously convicted of four counts of residential burglary.  (Lodg. No. 7 at 2).  Each count qualified as a strike under the Three-Strikes law.  *Id*.  In 2010, Petitioner was charged in two new criminal cases (SCD229068 and SCD236226) involving seven new felonies regarding four more residential burglaries.  *Id*.

On September 7, 2011, a jury found Petitioner guilty of one count of burglary of an inhabited dwelling (Cal. Pen. Code, §§ 459 and 460) in SCD229068.  *Id*.  On that same day, Petitioner also admitted the following: (1) a first prison prior conviction allegation (Cal. Pen. Code, §§ 667.5(b) and 668); (2) a first serious felony prior conviction allegation based on the four 2002 offenses (Cal. Pen. Code, §§ 667(a)(1), 668, and 1192.7(c)); and, (3) that those four offenses were

14-cv-2658-AJB-MDD

1   prior strike convictions within the meaning of the Three-Strikes law

2   (Cal. Pen. Code, §§ 667(b)-(i), 668, and 1170.12). *Id.*

3       On February 29, 2012, in SCD236226, a jury found Petitioner

4   guilty of three counts of burglary of an inhabited dwelling (Cal. Pen.

5   Code, §§ 459 and 460), one count of unlawful taking of a vehicle (Cal.

6   Veh. Code, §10851(a)), and three counts of grand theft of personal

7   property (Cal. Pen. Code, §§484(a), 487(a), and 488). *Id.* at 3.

8       At a combined sentencing hearing on April 13, 2012, the court

9   sentenced Petitioner to an aggregate prison term of one-hundred-

10  years-to-life-plus-five-years.[2]  (Lodg. No. 4 at 955-56).  Specifically, in

11  SCD236226, the court sentenced Petitioner to consecutive twenty-five-

12  year-to-life terms for all three residential burglary convictions, plus

13  concurrent twenty-five-year-to-life terms for all three grand theft

14  convictions and the taking of a vehicle conviction, and struck the

15  prison prior allegation.  (Lodg. No. 7 at 3).  In SCD229068, the court

16  sentenced Petitioner to twenty-five-years-to-life for his residential

17

18  [2] It appears Petitioner has the possibility of parole.  A sentence
    resulting in imprisonment in the state prison includes parole

19  supervision unless waived.  Cal. Pen. Code § 3000(a)(1).  There is no
    evidence of a waiver of parole.

5

1   burglary conviction consecutive to the sentence imposed in

2   SCD236226, plus a consecutive five-year term for the true finding on

3   the serious felony prior conviction allegation, and struck the prison

4   prior allegation.  *Id*.

5       On October 19, 2012, Petitioner appealed.  (Lodg. No. 5).  First,

6   he contended that his trial counsel provided constitutionally ineffective

7   assistance by "(1) failing at the sentencing hearing to discuss *People v.*

8   *Garcia* (1999) 20 Cal.4th 490 (*Garcia*) and argue that three of his four

9   2002 prior strike convictions should be stricken because they arose out

10  of a single period of aberrant conduct" and by "(2) failing to provide the

11  court at sentencing with a reporter's transcript of the 2002 hearing at

12  which he was sentenced for those prior convictions."  (Lodg. No. 7 at 3-

13  4).

14      Second, Petitioner contended the court erred by failing to stay

15  the execution of the sentences imposed in SCD236226 for the three

16  grand theft convictions and for the conviction of unlawfully taking or

17  driving of a vehicle under California Penal Code § 654.  *Id*. at 4.

18      Third, Petitioner contended his Sixth and Fourteenth

19  Amendment rights were violated in that each element of the charged

offenses was not proven beyond a reasonable doubt and that jury instruction CALCRIM No. 376 in SCD236226, regarding the possession of recently stolen property as evidence of a crime, violated his due process rights.  *Id*.

On November 13, 2012, while his direct appeal was still pending, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal.  (Lodg. No. 6).  On June 24, 2013, the court of appeal affirmed the judgment in SDC229068, but modified the judgment in SDC236226 to stay the execution of the twenty-five-year-to-life sentences imposed for Petitioner's three grand theft convictions and his conviction of unlawfully taking or driving of a vehicle under California Penal Code § 654.  *Id*. at 30.  The California Court of Appeal also denied Petitioner's writ of habeas corpus.[3]  California Courts, *4th Appellate District, Division 1, Docket (Register of Actions) In re: THOMAS DEAN JENNINGS on Habeas Corpus Case Number*

---

[3] Respondent labeled Lodgment No. 14 "Order, Petition for Writ of Habeas Corpus Denied, California Court of Appeal case no. D062961," but it is an order notifying parties that the petition for writ of habeas corpus will be considered at the same time as the pending appeal. Respondent should ensure that all lodgments filed with this Court are correctly labeled.

7

*D062961* ( June 16, 2015, 10:21 AM),

http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41
&doc_id=2030256&doc_no=D062961.

On July 29, 2013, Petitioner filed a petition for review in the
Supreme Court of California for the "sole purpose of exhausting his
state remedies prior to presenting his claims for federal habeas corpus
relief." (Lodg. No. 17 at 1). On September 11, 2013, the Supreme
Court of California denied Petitioner's petition for review. (Lodg. No.
16).

On August 6, 2013, Petitioner filed a Motion for Appointment of
Counsel and Declaration of Indigency and a Petition for Writ of
Habeas Corpus in the San Diego Superior Court. (Lodg. No. 19).
Petitioner asserted two grounds for relief: (1) that the trial court
erroneously imposed an illegal sentence and restitution fine that was
excessive without determining Petitioner's ability to pay; and, (2) that
Petitioner should be resentenced under Proposition 36 (the Three-
Strikes Reform Act of 2012). *Id.*

On September 30, 2013, the Superior Court denied Petitioner's
writ of habeas corpus for two reasons: (1) Petitioner did not raise the

8

1  excessive restitution claim in the trial court or on appeal and waived

2  the claim as a result; and (2) Petitioner's resentencing claim is

3  improperly raised by petition for writ of habeas corpus and is better

4  brought by a separate petition for recall of sentence pursuant to

5  California Penal Code § 1170.126.  (Lodg.No. 20).

6       On October 6, 2014, Petitioner constructively filed a second

7  petition for writ of habeas corpus in the Superior Court claiming

8  ineffective assistance of appellate counsel for failing to challenge

9  Petitioner's sentence as cruel and unusual punishment.[4]  (Lodg. No.

10  19).  This petition is still pending.

11  ## II. STANDARD OF REVIEW

12       The Anti-terrorism and Effective Death Penalty Act of 1996

13  ("AEDPA") governs this Petition.  28 U.S.C. § 2254.  AEDPA has two

14  main purposes: (1) to "reduce delays in executing state and federal

15  criminal sentences," and, (2) to "streamline federal habeas proceedings

16  by increasing a petitioner's incentive to exhaust all claims in state

17  court."  *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008).

18

19

[4] Respondent's Lodgment No. 19 appears to include Petitioner's second petition on accident.  Respondent is again reminded to ensure the accuracy and organization of lodgments filed with the court.

14-cv-2658-AJB-MDD

1   A petitioner who wishes to challenge either his state court

2   conviction or the length of his confinement in state prison must first

3   exhaust his judicial remedies.  28 U.S.C. § 2254(b), (c); *Granberry v.*

4   *Greer*, 481 U.S. 129, 134 (1987) ("[A]s a matter of [federal-state]

5   comity, federal courts should not consider a claim in a habeas corpus

6   petition until after the state courts have had an opportunity to act.")

7   (citing *Ex parte Royall*, 117 U.S. 241, 251 (1886)).

8   To satisfy the exhaustion requirement, a petitioner must fairly

9   present his federal claim to the highest state court or demonstrate that

10   no state remedy remains available.  *Johnson v. Zenon*, 88 F.3d 828,

11   829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)

12   and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)).  A federal claim is fairly

13   presented if the petitioner has stated the "operative facts and the

14   federal legal theory upon which his claim is based so that the state

15   courts have a 'fair opportunity' to apply controlling legal principles to

16   the facts bearing upon his constitutional claim." *Kelly v. Small*, 315

17   F.3d 1063, 1066 (2003) (citing *Anderson*, 459 U.S. at 6 (1982)).

18   A petition with both exhausted and unexhausted claims ("mixed

19   petition") must be dismissed without prejudice pending exhaustion.

10

1   *Rose v. Lundy*, 455 U.S. 509, 522 (1982).  Under *Lundy*, a petitioner

2   may file a new federal petition for writ of habeas corpus once the

3   claims are exhausted, creating a total exhaustion rule.  *Rhines v.*

4   *Weber*, 544 U.S. 269, 274 (2005).

5       Under stay and abeyance procedure, "rather than dismiss the

6   petition pursuant to *Lundy*, a district court might stay the petition and

7   hold it in abeyance while the petitioner returns to state court to

8   exhaust his previously unexhausted claims." *Id* at 275.  The district

9   court lifts the stay once petitioner exhausts state court remedies and

10   then permits the petitioner to proceed in federal court.  *Id.* at 275-76.

11   The Ninth Circuit has established two procedures to seek a stay.

12   *Rhines*, 544 U.S. at 278 (2005); *Kelly*, 315 F.3d (2003), *overruled on*

13   *other grounds by Robbin v. Carey*, 481 F.3d 1143 (9th Cir. 2007)).

14       Under *Rhines*, Petitioner must demonstrate: (1) good cause for

15   Petitioner's failure to exhaust all his claims before filing his federal

16   habeas action; (2) that the unexhausted claims are potentially

17   meritorious; and, (3) that Petitioner is not engaged in intentionally

18   dilatory tactics.  *Rhines*, 544 U.S. at 278.  If all three requirements are

19   met, the Court should stay the habeas case and hold it in abeyance,

14-cv-2658-AJB-MDD

1  leaving the mixed petition intact while Petitioner returns to state

2  court to present his unexhausted claims.  *Id.*

3      The second method of staying a timely federal petition while a

4  petitioner returns to state court to exhaust claims is the "withdrawal

5  and abeyance" procedure – a three step process outlined by the Ninth

6  Circuit in *Kelly*, 315 F.3d 1063.  *See also King v. Ryan*, 564 F.3d 1133,

7  1139-40 (9th Cir. 2009).  Unlike the *Rhines* "stay and abeyance"

8  procedure, a petitioner seeking to use the *Kelly* procedure need not

9  show good cause for his failure to exhaust.  *Kelly*, 315 F.3d at 1140.

10  Instead, a petitioner may withdraw any unexhausted claims from his

11  federal petition, return to state court and exhaust those claims while

12  the federal court holds the fully exhausted claims in abeyance, then

13  seek to amend the timely, stayed federal petition with the newly

14  exhausted claims.  *Id.* at 1139-40.  The newly exhausted claims,

15  however, must either themselves be timely under the statute of

16  limitations or they must "relate back" to the claims in the fully-

17  exhausted petition; that is, they must share a "common core of

18  operative facts" with the previously exhausted claims.  *Id.* at 1140-41;

19  (quoting *Mayle v. Felix*, 545 U.S. 644, 659 (2005)).

14-cv-2658-AJB-MDD

AEDPA imposes a one-year statute of limitations for the filing of federal petitions.  28 U.S.C. § 2244(d).  The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. §2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999); *but see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed when its delivery and acceptance [by the appropriate court officer for placement in the record] are in compliance with the applicable laws and rules governing filings."). However, the filing of a federal habeas petition does not toll the statute of limitations.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## III. DISCUSSION

Currently pending before this Court is Petitioner's request to stay and hold grounds three (ineffective assistance of appellate counsel for failing to challenge Petitioner's sentence as cruel and unusual punishment) and four (the trial court in 2002 violated Petitioner's rights by accepting his guilty plea) of his Petition in abeyance while he returns to state court to exhaust them.  (ECF Nos. 1, 6, 7).

//

//

14-cv-2658-AJB-MDD

1    **A. _Rhines_ Stay and Abeyance**

2    This Court's Order Setting Briefing Schedule informed Petitioner

3    that if he "wishes to use the 'stay and abeyance' procedure," he must

4    demonstrate there are potentially meritorious claims which he wishes

5    to exhaust in state court, that he is diligently pursuing his state court

6    remedies, and that good cause exists for his failure to timely exhaust

7    his state court remedies.  (ECF No. 4 at 3) (citing _Rhines_, 544 U.S.

8    277-78 (2005)).

9    Assuming, without deciding, that Petitioner was diligent and can

10   show good cause, his motion nevertheless fails under _Rhines_, because

11   his claims are not potentially meritorious.  _Casset v. Stewart_, 406 F.3d

12   614 (9th Cir. 2005).  A claim is not potentially meritorious if "the

13   applicant does not raise even a colorable federal claim."  _Casset_, 406

14   F.3d at 624; _see Thomas v. Scribner_, 389 Fed.Appx. 726 (9th Cir. 2010)

15   (denying the petitioner's writ of habeas corpus on the merits because it

16   does not raise a colorable federal claim).

17   **1. Ground Three: Ineffective Assistance of Counsel**

18   Petitioner contends that his appellate counsel provided

19   ineffective assistance by failing to argue that his sentence of one-

14

1  hundred-years-to-life-plus-five-years is cruel and unusual punishment.

2  (ECF No. 8 at 9).

3    Respondent does not discuss the merits of Petitioner's third

4  ground.  Petitioner states that four of his prior strikes arose from one

5  single act, constituting one "swing at the bat" under the Three-Strikes

6  Law.  *See id.* at 7-8.  As such, he argues his sentencing is excessive and

7  unlawful.  *Id.*  He also indicates that because his crimes were against

8  property and did not involve physical harm to persons he has the right

9  to reduce his sentence under California Penal Code § 1170.126 and

10  California Proposition 36.  *Id.*

11    Whether Petitioner's sentence is subject to reduction pursuant to

12  California Penal Code § 1170.126 and California Proposition 36 is a

13  state law issue.  This aspect of Petitioner's claim does not present a

14  potentially meritorious federal claim.  28 U.S.C. § 2254(a).

15    This leaves the issue of whether Petitioner's counsel was

16  ineffective for failing to argue that Petitioner's sentence constituted

17  cruel and unusual punishment.  An ineffective assistance claim has

18  two components: (1) counsel's performance was deficient, which

19  requires showing that counsel made serious errors; and (2) counsel's

14-cv-2658-AJB-MDD

1   deficient performance prejudiced the defense to the extent that the

2   defendant was deprived of a fair trial. *Strickland v. Washington*, 466

3   U.S. 668, 687 (1984).

4       First, there is no evidence that counsel's performance was

5   deficient. Instead, it appears that appellate counsel made a strategic

6   decision to challenge Petitioner's sentence on the grounds that "three

7   of [Petitioner's] strikes should be stricken due to the strikes arising out

8   of a single period of aberrant conduct." (Lodg. No. 5 at i). The courts

9   generally defer to appellate counsel's strategic choice to raise one claim

10   over another, negating Petitioner's deficient performance claim. *See*

11   *Strickland*, 466 U.S. at 681.

12       Additionally, asserting that Petitioner's sentence constituted

13   cruel and unusual punishment would have been futile. The Eighth

14   Amendment forbids only extreme sentences that are grossly

15   disproportionate to the crime. *Harmelin v. Michigan*, 501 U.S. 957,

16   997 (1991). Recidivist statutes, like California's Three-Strikes Law,

17   punish the offense of conviction and the defendant's repetitive

18   convictions. *Holmes v. Valadez*, No. C02-4566JSW(PR), 2005 U.S.

19   Dist. LEXIS 31403, at *23 (N.D. Cal Nov. 21, 2005); 2005 WL 3113085.

14-cv-2658-AJB-MDD

1    In *Holmes*, the petitioner claimed his ninety-years-to-life

2  sentence on two counts of burglary of an inhabited dwelling was cruel

3  and unusual.  *Id*.  California considers burglary of an inhabited

4  dwelling to be "inherently dangerous" and "incredibly violent toward

5  the personal freedoms and living space of the victim of those crimes,"

6  negating any argument of non-violent offenses.  *Id*. at 25.  Holmes had

7  an extensive criminal history in the past thirty years and the court

8  noted he was being punished for "his most recent conviction" and "for

9  his recidivism."  *Id*. at 26.  The court held that "[g]iven [Holmes']

10  extensive criminal recidivism, it cannot be said that [Holmes']

11  sentence of ninety years-to-life is grossly disproportionate."  *Id*. at 26-

12  27.  For this reason, Holmes' claim that his sentence was cruel and

13  unusual punishment was denied.  *Id*.

14    Petitioner's situation is analogous to *Holmes*.  Petitioner was

15  convicted of burglary of an inhabited dwelling and had been engaged

16  in criminal activity since the age of thirteen.  (ECF No. 8, Lodg. No. 7).

17  His sentence was determined after taking into consideration his

18  current convictions and his criminal recidivism.  Petitioner's sentence

19  of one-hundred-years-to-life is only slightly longer than Holmes'

sentence of ninety-years-to-life and can be justified because Petitioner was convicted of four counts of burglary of an inhabited dwelling as opposed to Holmes' two counts.  Petitioner's appellate counsel was not ineffective for failing to raise a futile argument.

Second, Petitioner does not meet the burden of pleading facts to show that the decision reached would "reasonably likely have been different absent the errors." *Strickland*, 466 U.S. at 696.  As stated above, even if appellate counsel did raise the issue of cruel and unusual punishment, the effort would not be successful.

The California Court of Appeal's unpublished opinion forecloses the possibility that the outcome of the decision would be different.  The opinion quotes the sentencing hearing from April 13, 2012 to show that an aggregate prison term of one-hundred-years-to-life-plus-five-years is reasonable:

> Well, standing before this court is an individual who has been convicted on two different jury trials of four residential burglaries.  He has prior residential burglaries.  He has been to prison.  He started his criminal career at age 13 with a robbery which is depicted on page 5 [of the Probation Officer's Report in SCD236226].
>
> And he made a decision early in his life that he wanted to be a criminal.  And he has no regard at all for other people, or

18

other people's property.  He is the type of individual who when they wrote the Three-Strikes law . . . were thinking about somebody like him.

I have thought about exercising my *Romero* discretion.  What *Romero* requires me to do is look at the nature and circumstances of the current crime, the nature and circumstances of prior crimes, strikes, and his chances of rehabilitation.

So if we just take a very brief view of the current cases, not only does he break into people's houses, steal their property, but the utter disrespect of just ransacking the houses, and the horror that the victims must feel when they come home, not just to find that their property is gone, but that somebody else has come in and completely destroyed, not just their property, but their sense of well-being; their safety.  A home is supposed to be the one place where all people can come in and feel safe.  He has utterly shattered that in these particular cases.

I look at the nature and circumstances of his prior strikes.  Again, the same scenario plays out as in our current cases.  He can't change.  He won't change.  He has no interest in changing.  *His chances of rehabilitation are zero.*  He is a career criminal.  He is somebody that in order to protect the community, he must be locked up in prison for the rest of his life.  That's what is going to happen today.

(Lodg. No. 7 at 17) (emphasis added).

The court of appeal found that Petitioner is a "habitual offender" and that his sentence is appropriate under the Three-Strikes Law.  *Id.* at 23; *see also Holmes*, 2005 U.S. Dist. LEXIS 31403, 2005 WL 3113085.  The United States Supreme Court held that the Three-

1    Strikes Law does not violate the Eighth Amendment of the United

2    States Constitution.  *See Ewing v. California*, 538 U.S. 11 (2003); *see*

3    *also Rummel v. Estelle*, 445 U.S. 263 (1980) (upholding a life sentence

4    imposed under a Texas recidivist statute).  As such, Petitioner's

5    sentence is appropriate under the Eighth Amendment and does not

6    constitute cruel and unusual punishment.

7    ## 2.  Ground Four: 2002 Guilty Plea Violation

8    Petitioner asserts that he was unaware that his guilty plea from

9    2002 waived his constitutional rights to a jury, to confront witnesses

10   against him, and to avoid self-incrimination – and therefore did not

11   waive his rights.  Additionally, Petitioner asserts that the court

12   advised him his plea was not a strike offense when the crime actually

13   constituted four strikes.  *Id.* at 8-9.

14   Respondent contends that Petitioner's fourth ground for relief is

15   meritless.  *Id.* at 6.  Respondent references *Lackawanna County Dist.*

16   *Atty. v. Coss* ("*Lackawanna*") to prove that "habeas corpus relief is not

17   available to a criminal defendant who challenges a judgment for which

18   his sentence has fully expired but was used to enhance a later

19   sentence because the defendant was no longer 'in custody' as a result

20

1  of the earlier judgment." *Id.* at 6 (citing *Lackawanna County Dist.*

2  *Atty.*, 532 U.S. 394, 401 (2001)).

3      Petitioner's assertion that he was unaware his guilty plea waived

4  his constitutional rights or that the trial court misadvised him that his

5  plea was not a strike offense is not supported by the record.  The San

6  Diego Superior Court's reporter's transcript from July 17, 2002 states:

7          The Court:  Gentlemen, do each of you understand that by
        pleading guilty, you're giving up the following constitutional
8        rights: that is, the right to a speedy and public trial by judge
        or jury; the right to confront and to cross examine any and all
9        witnesses against you; the right to remain silent and unless
        you choose to give up that right, and you can give testimony
10       in your own behalf; the right to present evidence and to
        subpoena witnesses to give testimony in your behalf at no cost
11       to you.

12  (Lodg. No. 1 at 61)

13      Petitioner acknowledged that he understood that his guilty plea

14  was a waiver of those rights:

15          [The Court:] Do each of you understand that by pleading
        guilty, you're giving up each of these constitutional rights?
16       [Petitioner]?
        [Petitioner]: Yes, sir.

17

18  *Id.*

19

1    Moreover, the court advised Petitioner his plea constituted strike

2    offenses:

3        The Court: Gentlemen, these offenses, these residential
         burglaries are also called serious or violent felonies, therefore,
4        subjecting you to what are called strike offenses.

5    *Id.* at 63.

6    Additionally, *Lackawanna* clarifies that this claim is not

7    potentially meritorious.  In *Lackawanna*, a federal habeas corpus

8    petitioner challenged a current sentence enhanced by an allegedly

9    invalid prior sentence.  *Lackawanna County Dist. Atty.*, 532 U.S. at

10   401-02.  The United States Supreme Court held that relief is

11   unavailable through a petition for a writ of habeas corpus "when a

12   prisoner challenges a current sentence on the ground that it was

13   enhanced based on an allegedly unconstitutional prior conviction for

14   which the petitioner is no longer in custody." *Id.* at 396 (citing *Daniels*

15   *v. United States*, 532 U.S. 374, 384 (2001)).

16   Here, Petitioner was sentenced in 2002 to a term of four-years,

17   with each of his four counts concurrent with the other.  (Lodg. No. 6,

18   Exhibit B at 11).  In 2013, after Petitioner was no longer in custody

19   from his 2002 sentence, he was sentenced to one-hundred-years-to-life-

22

1  plus-five-years.  (Lodg. No. 7 at 3).  Petitioner is challenging the

2  sentence he is currently serving "on the ground that it was enhanced

3  based on an allegedly unconstitutional prior conviction for which

4  [Petitioner] is no longer in custody."  *Lackawanna County Dist. Atty.,*

5  532 U.S. at 396 (citing *Daniels*, 532 U.S. at 384).  *Lackawanna* applies

6  to this claim and renders Petitioner's fourth ground meritless.

7        Neither of Petitioner's unexhausted claims are potentially

8  meritorious.  As a result, this Court **RECOMMENDS** Petitioner's

9  Motion for stay under *Rhines* be **DENIED**.

10 **B.  *Kelly* Withdrawal and Abeyance**

11        Petitioner's main argument is that stay and abeyance is

12 appropriate according to the three-step procedure outlined in *Kelly*.

13 Under this approach, a petitioner may withdraw any unexhausted

14 claims from his federal petition, return to state court and exhaust

15 those claims while the federal court holds the fully exhausted claims in

16 abeyance, then seek to amend the timely, stayed federal petition with

17 the newly exhausted claims.  *Kelly*, 315 F.3d at 1139-40.

18        Assuming that a stay is otherwise warranted under *Kelly*, this

19 Court may deny claims for a writ of habeas corpus where they are

14-cv-2658-AJB-MDD

clearly meritless.  28 U.S.C. § 2254(b)(2) (stating that meritless claims can be denied even though such claims are unexhausted).  As previously discussed, Petitioner's unexhausted claims are not potentially meritorious.  Granting Petitioner's Motion for Stay would be an empty gesture.  Therefore, this Court **RECOMMENDS** Petitioner's Motion for Stay under *Kelly* be **DENIED**.  This Court **FURTHER RECOMMENDS** Petitioner's third and fourth grounds be **DISMISSED**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) Approving and Adopting this Report and Recommendation; (2) **DENYING** Petitioner's Motion for Stay; and, (3) **DISMISSING** Petitioner's third and fourth grounds **WITH PREJUDICE**.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties no later than **<u>August 11, 2015</u>**.  The document should be captioned "Objections to Report and Recommendation."

14-cv-2658-AJB-MDD

**IT IS FURTHER ORDERED** that any reply to the objection shall be filed with the Court and served on all parties no later than **August 18, 2015**.  The parties are advised that the failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998).

**IT IS SO ORDERED.**


Dated:   July 21, 2015

Hon. Mitchell D. Dembin
United States Magistrate Judge

14-cv-2658-AJB-MDD