UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS JENNINGS,<br><br>Petitioner,<br><br>v.<br><br>W. MUNIZ, Warden,<br><br>Respondent. | Case No.: 14-cv-2658-AJB-MDD<br><br>**ORDER:**<br><br>**(1) ADOPTING IN PART AND DECLINING TO ADOPT IN PART REPORT AND RECOMMENDATION, (DOC. NO. 9);**<br><br>**(2) DENYING MOTION TO STAY AS MOOT, (DOC. NO. 6);**<br><br>**(3) DISMISSING WITH PREJUDICE PETITIONER'S THIRD AND FOURTH CLAIMS;**<br><br>**(4) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY; and**<br><br>**(5) SETTING BRIEFING SCHEDULE** |

Petitioner Thomas Jennings, a prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Pending before the Court is Petitioner's motion to stay; the Report and Recommendation ("R&R") filed by Magistrate Judge Mitchell D. Dembin recommending the motion be denied; and Petitioner's objection to the R&R. After careful consideration of the pleadings presented, and for the reasons set forth below, the Court **DECLINES TO ADOPT IN PART** the

1

R&R and **DENIES** Petitioner's motion to stay as moot; **ADOPTS IN PART** the R&R, **DISMISSING WITH PREJUDICE** Petitioner's third and fourth claims; and **DECLINES** to issue a certificate of appealability with respect to Petitioner's third and fourth claims.

## BACKGROUND

On October 27, 2014, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. No. 1.) Petitioner alleges four claims for relief in his Petition: (1) ineffective assistance of trial counsel for failing to argue that three of Petitioner's strikes should be stricken because they arose out of a single period of aberrant conduct and for failing to produce the reporter's transcript from the 2002 sentencing proceeding; (2) that the jury instruction's admission of a burglary conviction violated Petitioner's Sixth and Fourteenth Amendment rights; (3) ineffective assistance of appellate counsel for failing to defend Petitioner's right of protection against cruel and unusual punishment of one-hundred-plus-five year sentence for burglary, grand theft, and unlawful taking of a vehicle; and (4) that the trial court failed to adequately inform Petitioner of his rights when it accepted his guilty plea. (Doc. No. 1.)

On November 14, 2014, Magistrate Judge Dembin filed an order setting a briefing schedule on Petitioner's request to stay after finding Petitioner failed to exhaust his third and fourth claims. (Doc. No. 4.) On January 5, 2015, Petitioner moved to stay the present proceeding. (Doc. No. 6.) On February 7, 2015, Respondent filed a response to Petitioner's motion, requesting the Court deny Petitioner's motion for stay under *Rhines v. Weber*, 544 U.S. 269 (2005), but grant it under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002). (Doc. No. 7.) On July 21, 2015, Magistrate Judge Dembin recommended the Court deny Petitioner's motion to stay and dismiss Petitioner's third and fourth claims with prejudice because the claims are not potentially meritorious. (Doc. No. 9.) On August 13, 2015, Petitioner objected to the R&R. (Doc. No. 10.) In his objection, Petitioner contends his previously unexhausted grounds are now "properly exhausted." (Doc. No. 10 at 2.)

//

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989).

## DISCUSSION

### A. Exhaustion of State Court Remedies

Habeas corpus petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133–34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas corpus petition. *See* 28 U.S.C. § 2254(c). Moreover, to properly exhaust state court remedies, a petitioner must allege in state court how one or more of his or her federal rights have been violated. *See Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). The Supreme Court in *Duncan* reasoned, "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.*

A district court typically must dismiss a petition for writ of habeas corpus if it contains both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). A district court may stay a mixed federal habeas corpus petition in limited cases where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. Alternatively, a petitioner may withdraw any unexhausted claims from his federal petition, return to state court and exhaust those claims while the federal court holds the fully exhausted claims in

abeyance, then seek to amend the timely, stayed federal petition with the newly exhausted claims. *Kelly*, 315 F.3d at 1069–70 (citing *James v. Pliler*, 269 F.3d 1124, 1126–27 (9th Cir. 2001)), *overruled on other grounds as stated in Robbins v. Carey*, 481 F.3d 1143, 1149 (9th Cir. 2007).

Petitioner asks the Court to grant him a "stay and abeyance" of the Petition so that he may exhaust his unexhausted claims before the state court. (Doc. No. 6 at 10.) Magistrate Judge Dembin recommended the Court deny Petitioner's motion because his third and fourth claims are not potentially meritorious. (Doc. 9 at 24.) Petitioner objected that he has now exhausted his previously unexhausted claims. (Doc. No. 10 at 2.)

Upon de novo review, the Court finds that Petitioner sufficiently alleged exhaustion and **DENIES** Petitioner's motion to stay as moot. On this basis, the Court **DECLINES TO ADOPT IN PART** the R&R. However, because the claims are now properly exhausted, the Court will review de novo Magistrate Judge Dembin's recommendation that Petitioner's third and fourth claims be dismissed with prejudice.[1]

## B.   The Merits of Petitioner's Third and Fourth Claims

Petitioner asserts in his third claim that appellate counsel provided ineffective assistance for failing to challenge his sentence as cruel and unusual punishment. (Doc. No. 1 at 8.) Petitioner asserts in his fourth claim that trial counsel failed to inform him that he was pleading to four separate counts, and the trial court erred in accepting his guilty plea. (*Id.*)

### 1.   Third Claim: Appellate Counsel's Failure to Challenge Sentence

Petitioner contends appellate counsel failed to defend his right against cruel and unusual punishment after he was convicted of "property crime[s]" and sentenced to 100

---

[1] Even if Respondent disagrees that Petitioner's third and fourth claims are sufficiently exhausted, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the court of the State." 28 U.S.C. § 2254(b)(2); *see also Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005) (permitting district courts to deny an unexhausted petition on the merits where "it is perfectly clear that the applicant does not raise even a colorable federal claim").
4

years to life, (Doc. No. 1 at 8), and California Penal Code section 1170.126 entitles him to a reduced sentence, (Doc. No. 1 at 7–8). The R&R concluded that whether Petitioner's sentence may be reduced under California Penal Code section 1170.126 is a state law issue and thus not a colorable federal claim. (Doc. No. 9 at 15.) The R&R also concluded appellate counsel did not provide ineffective assistance because challenging Petitioner's sentence would be futile. (Doc. No. 9 at 18.) Petitioner objects, claiming appellate counsel failed to protect his constitutional rights with regard to his "excessive" sentence. (Doc. No. 10 at 2–3.)

To establish ineffective assistance of counsel, a petitioner must show two things. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show that his attorney's representation fell below an objective standard of reasonableness, which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the petitioner must show he was prejudiced by counsel's error. *Id.* To establish prejudice, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Strickland requires that "[j]udicial scrutiny of counsel's performance . . . be highly deferential." *Id.* at 689. There is a "strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Id.* Furthermore, Petitioner bears a heavy burden where the ineffective assistance of counsel claim is based on *appellate* counsel's failure to raise viable issues. *Smith v. Robbins*, 528 U.S. 259, 286 (2000). In such cases, it is more difficult for a petitioner to establish that appellate counsel was incompetent because "only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* at 288.

The Court reviewed the R&R de novo and all relevant papers submitted by both parties, and finds that the R&R provides a cogent analysis of the issues related to Petitioner's third claim. Specifically, the Court agrees with Magistrate Judge Dembin that Petitioner did not meet his burden of pleading facts to show that the decision reached would have been different absent counsel's alleged errors. Accordingly, the Court

**ADOPTS IN PART** the R&R and **DISMISSES WITH PREJUDICE** Petitioner's third claim.

### 2. Fourth Claim: Involuntary Guilty Plea

Petitioner asserts that, in his 2002 criminal case, both the trial court and counsel did not advise him that he was pleading to four separate counts, and thus the trial court erred by accepting his involuntary guilty plea. (Doc. No. 1 at 9.) The R&R concludes Petitioner's fourth claim is meritless: first, because the record indicates Petitioner voluntarily waived his rights, (Lodg. No. 1 at 61); and second, because *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 408 (2001), precludes relief, (Doc. No. 10 at 20–22).

In *Lackawanna County District Attorney*, a federal habeas corpus petitioner challenged a current sentence enhanced by an allegedly invalid prior sentence. 532 U.S. at 401–02. The Supreme Court held that relief is unavailable through a petition for a writ of habeas corpus "when a prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody." *Id.* at 396 (citing *Daniels v. United States*, 532 U.S. 374, 384 (2001)). As Magistrate Judge Dembin notes, Petitioner challenges the sentence he currently serves based on an "allegedly unconstitutional prior conviction," thus falling squarely under *Lackawanna*, rendering Petitioner's fourth ground meritless. (Doc. No. 9 at 23.)

The Court reviewed the R&R and all relevant papers submitted by both parties, and finds that the R&R provides a cogent analysis of the issues related to Petitioner's fourth claim. Specifically, the Court agrees with Magistrate Judge Dembin that Petitioner voluntarily waived his rights and *Lackawanna* proscribes relief. Accordingly, the Court **ADOPTS IN PART** the R&R and **DISMISSES WITH PREJUDICE** Petitioner's fourth claim.

### C. Evidentiary Hearing

Petitioner requests the Court hold an evidentiary hearing in order to properly consider all of the facts. (Doc. No. 10 at 4.) There is no per se requirement for an

evidentiary hearing whenever a petitioner makes out a claim of cause. *Turner v. Calderon*, 281 F.3d 851, 890 (9th Cir. 2002) (quoting *Babbitt v. Calderon*, 151 F.3d 1170, 1171 (9th Cir. 1998)). Rather, if the record refutes the petitioner's factual allegations, a federal habeas court is not required to hold an evidentiary hearing. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Totten v. Merkle*, 137 F.3d 1172, 1175–76 (9th Cir. 1998).

Here, because the state court record contains sufficient facts to address the merits of Petitioner's claims, the Court finds that an evidentiary hearing will not further develop Petitioner's factual allegations and, thus, granting such a hearing will be fruitless. *See Totten*, 137 F.3d at 1176 (affirming the denial of an evidentiary hearing where the applicant's factual allegations "fl[ew] in the face of logic in light of . . . [the applicant's] deliberate acts which are easily discernible from the record"). Accordingly, the Court **DENIES** Petitioner's request for an evidentiary hearing.

### D.    Certificate of Appealability

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 475 (2000). Here, the Court finds that reasonable jurists could not debate the Court's conclusion to dismiss with prejudice Petitioner's third and fourth claims and therefore **DECLINES** to issue a certificate of appealability.

### CONCLUSION

Based on the foregoing, the Court **DECLINES TO ADOPT IN PART** the R&R and **DENIES** Petitioner's motion to stay, (Doc. No. 6), as moot; **ADOPTS IN PART** the

R&R, **DISMISSING WITH PREJUDICE** Petitioner's third and fourth claims, finding Petitioner's third and fourth claims not potentially meritorious; and **DECLINES** to issue a certificate of appealability with respect to Petitioner's third and fourth claims. With respect to Petitioner's first two claims, Respondent may file a Motion to Dismiss or Answer and Lodgments to the Petition on or before *October 30, 2015*. Petitioner may file an Opposition or Traverse on or before *November 30, 2015*.

**IT IS SO ORDERED.**

Dated: September 30, 2015

Hon. Anthony J. Battaglia
United States District Judge